206 F.3d 845 (9th Cir. 2000)
 RAFAEL FLORES,Plaintiff-Appellant,
v.
SAN DIEGO COUNTY; WILLIAM KOLENDER, Sheriff; J.M. MARMACK, Commander; CODE THREE INDUSTRIES, INC., dba EMERGENCY EQUIPMENT ENGINEERING; JOHN ROSE; MIKE HENDRICKSON; MARILYN SCHAUFLIN; DOES 1-50, inclusive, Defendants-Appellees.
 No. 98-55300
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted February 17, 2000
Filed March 13, 2000
 
 COUNSEL: Sanford A. Toyen and Everett L. Bobbitt, San Diego, California, for the plaintiff-appellant.
 William H. Songer, County Counsel, San Diego, California, for the defendants-appellees.
 Appeal from the United States District Court for the Southern District of California
 Before: James R. Browning, Alfred T. Goodwin and Susan P. Graber, Circuit Judges.
 PER CURIAM:
 
 
 1
 Corrections deputy Rafael Flores sued the San Diego County Sheriff and others under 42 U.S.C. S 1983 alleging violations of his constitutional rights to free speech and due process. Pursuant to Federal Rule of Civil Procedure S 12(b)(6), the district court granted Appellees' motion to dismiss the action. This appeal followed.
 
 
 2
 We have jurisdiction pursuant to 28 U.S.C. S 1291. Having reviewed the record and determined that Flores has failed to state a claim for which relief may be granted, we affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Appellant Flores is employed by the San Diego County Sheriff's Department. Flores took his personal firearm to Appellee Emergency Equipment Engineering ("EEE") for servicing. Flores became involved in a dispute with respect to the servicing of the weapon. A representative of EEE allegedly told Flores that he knew Sheriff Kolender and would complain about Flores's conduct. In response, Flores said that he would inform the Deputy Sheriffs Association (the "DSA") that EEE, an advertiser in the DSA's newsletter, was providing poor service. Subsequently, a complaint was filed against Flores with the Sheriff's Department alleging that Flores had misused his position as a deputy.
 
 
 4
 The Sheriff's Department conducted an Internal Affairs investigation, as a result of which Flores received a three-day suspension for "conduct unbecoming" and "abuse of position." Flores appealed the suspension to the San Diego County Civil Service Commission which upheld the suspension.
 
 
 5
 Flores then brought a petition in superior court for a writ of mandamus directing the Commission to vacate its decision upholding the suspension. The superior court granted the petition. No appeal was taken. Flores was reinstated with no loss of pay. Thereafter, Flores commenced this action. FIRST AMENDMENT CLAIM Flores alleges that Appellees abridged his free speech rights as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.
 
 
 6
 To the extent that the speech leading to his suspension may have been protected under the First Amendment, any abridgement has been fully redressed by the state proceedings. Therefore, we need not decide whether Flores's speech was substantiallyrelated to a matter of public concern. See Roe v. City and County of San Francisco, 109 F.3d 578, 584 (9th Cir. 1997), see also Connick v. Myers, 461 U.S. 138, 152 (1983).
 
 
 7
 Furthermore, Flores has failed to allege an ongoing repression of his speech. Although his fear of future disciplinary action based on speech may be real, he has established no cognizable injury. Until he suffers such injury, Flores is unable to state a claim for which relief may be granted.
 
 
 8
 The dismissal of Flores's First Amendment cause of action was free from error.
 
 DUE PROCESS CLAIM
 
 9
 The district court held that Flores had stated "substantive due process" claims by alleging that Sheriff Kolender and Commander Marmack arbitrarily and capriciously ordered his suspension, but that those claims were barred by principles of issue preclusion. We need not reach the merits of that holding. "We may affirm the district court's dismissal for failure to state a claim on any basis fairly supported by the record, even if the district court . . . relied on other grounds or different reasoning." Jacobsen v. Marin Gen. Hosp., 192 F.3d 881, 885 (9th Cir. 1999)(citation omitted). We affirm on the ground that Flores has failed to allege a deprivation of his due process rights.
 
 
 10
 Rather than revealing a deprivation of due process rights, the record shows that Flores fully availed himself of those rights. After suffering the three-day suspension, Flores pursued the validity of the suspension before the county's Civil Service Commission. He did not prevail. Still dissatisfied, he sought a writ of mandamus from the California State Superior Court. That writ was issued and his suspension was revoked. As a result of the revocation of the suspension, Flores was entitled to, and received, back pay. Due process requires no more. Flores was afforded the benefits of due process of law and, under that process, eventually prevailed. Any injury he suffered has been remedied by the state court's issuance of the writ of mandamus. There is no merit in his further complaint to a federal forum. The district court did not err in dismissing the action.
 
 
 11
 AFFIRMED.