Charles NOWOTNY, Plaintiff—Appellant,

v.

Steve JOHNSON; Ronald Lowenberg; Ed McErlain; William Clyde Stuart; City of Huntington Beach, a Municipal Corporation; Karen Foster, Risk Manager, individually and in her official capacity; Julie Russell, Claim Supervisor, individually and in her official capacity; William H. Osness, Director of Personnel, individually and in his official capacity, Defendants—Appellees,

and

J.B. Hume, individually and in his official capacity, Defendant.

No. 05–55049.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed March 21, 2007.

Susan M. Wilson, Esq., Ted D. Conley, Esq., Castle Petersen & Krause, Newport Beach, CA, for Plaintiff–Appellant.

David P. Lenhardt, Esq., Kinkle, Rodiger & Spriggs, Santa Ana, CA, Scott F. Field, Esq., City Attorney's Office, Huntington Beach, CA, for Defendants–Appellees.

Paul R. Coble, Esq., Fullerton, CA, for Defendant/Defendants–Appellees.

Before: T.G. NELSON, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Charles Nowotny, a former police detective, appeals the district court's grant of summary judgment in favor of his former employer, the City of Huntington Beach, and several police officials. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The record established that, due to several disabilities, both mental and physi-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

cal, and even with reasonable accommodations, Nowotny was unable to perform his former position as a detective or a police officer.[1] The evidence to which Nowotny points does not establish any genuine issue of material fact with respect to this question. Further leave to determine the final result of his knee surgery was not reasonable,[2] particularly given that he had disabling conditions besides his knee that also precluded his employment. The record also established that the City satisfied its duty to engage in the accommodation process required by California Government Code § 12940(n) and in the process required by the United States Constitution.[3]

The district court properly granted summary judgment on Nowotny's age discrimination claim. Nowotny pointed to nothing that supported a "rational inference that *intentional discrimination, on grounds prohibited by the statute, was the true cause* of the employer's actions."[4] Thus, he failed to point to any evidence that could counter the City's proffered non-discriminatory reason for his termination and summary judgment was appropriate.[5]

■ The district court also correctly granted summary judgment on Nowotny's First Amendment claims. Even assuming that the content of the parody newsletter addressed matters of public concern, which is questionable, Nowotny never directed his speech to the public.[6] The district court correctly held that Nowotny's successful administrative appeal regarding the discipline imposed after the elevator incident precluded his inclusion of that discipline in his First Amendment retaliation claim.[7] Finally, the record conclusively established that the City would have placed Nowotny on disability retirement regardless of the article he wrote criticizing the police chief.[8] Thus, we reject Nowotny's retaliation claims under the First Amendment.

■ Nowotny appeals three issues with respect to his claims under the Public Safety Officer's Procedural Bill of Rights (POBR).[9] Nowotny did not raise the first issue, which involves the denial of an appeal regarding discipline imposed for the parody newsletter, before the district court. Accordingly, we decline to reach

1. Cal. Govt.Code § 12940(a)(1).

2. *See Hanson v. Lucky Stores, Inc.,* 74 Cal. App.4th 215, 87 Cal.Rptr.2d 487, 494 (1999) ("Reasonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected.")

3. *See Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) (setting forth fundamental requirements of due process).

4. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1117 (2000) (emphasis in original).

5. *Id.*

6. *See McKinley v. City of Eloy,* 705 F.2d 1110, 1114 (9th Cir.1983) (quoting *Connick v.*

*Myers,* 461 U.S. 138, 148, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), for the proposition that an employee who "did not seek to inform the public," did not engage in protected speech).

7. *Flores v. San Diego County,* 206 F.3d 845, 846–47 (9th Cir.2000) (holding that a writ of mandamus overturning discipline imposed for speech that "may have been protected under the First Amendment" fully redressed the plaintiff's claim).

8. *See Mt. Healthy v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (holding that an employer may rebut an employee's prima facie case of discrimination by establishing by a preponderance of the evidence "that it would have reached the same conclusion … even in the absence of the protected conduct").

9. Cal. Govt.Code §§ 3300–13.

the first issue.[10] The second issue, regarding the City's request that Nowotny account for his whereabouts in its investigation of his alleged absence from duty, is moot.[11] Upon Nowotny's retirement, the City dropped the absence from duty charges and rescinded all discipline imposed. Thus, nothing is left to enjoin or prohibit.[12] With respect to the third issue, the district court correctly held that the California Government Code § 3303 did not apply. The City's decision to retire Nowotny based on his disabilities, and the proceedings leading to that decision, were not punitive in nature.[13]

Finally, the district court properly granted summary judgment on Nowotny's claims of wrongful discharge and civil conspiracy. Nowotny established no genuine issues of material fact with respect to either issue.

AFFIRMED.

---

**10.** *See Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996) (describing the "narrow circumstances" in which the Ninth Circuit will exercise its discretion to hear an issue not raised before the district court).

**11.** *See San Lazaro Ass'n v. Connell,* 286 F.3d 1088, 1095 (9th Cir.2002) ("A case loses its quality as a 'present, live controversy' and becomes moot when there can be no effective relief.")

**12.** Although the POBR contains some limited damages provisions, Nowotny only sought injunctive relief.

**13.** *See* Cal. Govt.Code § 3303 (covering punitive actions).

